**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT A. MILLER, JR., <br>     Plaintiff, <br> v. <br> FORD MOTOR COMPANY, et al., <br>     Defendants. | Case No. 19-cv-07382-BLF <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> [Re: ECF 25] |

Before the Court is a Motion to Remand by Plaintiff Robert Miller ("Miller"). Mot. to Remand, ECF 25. Miller alleges that Defendant Ford Motor Company's ("Ford") Notice of Removal failed to meet the "burden of establishing that the amount in controversy satisfied the jurisdictional threshold of $50,000" under the Magnuson-Moss Warranty Act or prove fraudulent joinder of co-defendant Gosch Auto Group, Inc. ("Gosch"). *Id.* at 1. Ford did not file an opposition to Miller's Motion to Remand. Pursuant to Civ. L.R. 7-1(b), the Court has determined that this motion is appropriate for decision without oral argument. Accordingly, the October 8, 2020, hearing date is VACATED, and for the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand.

## I. BACKGROUND

Plaintiff Robert A. Miller, Jr. ("Miller") is a resident of California. Am. Compl. ¶ 2, ECF 14. In June 2016, Miller purchased a 2016 Ford Fusion vehicle ("Vehicle") from authorized Ford dealer Five Star Ford of Plano, Texas, and received an express written warranty. *Id.* ¶¶ 8-9. The Vehicle was purchased for a total of $38,939.76. *Id.* ¶ 11. Miller alleges the Vehicle contained or developed defects in its components, systems, and electronics during the warranty period. *Id.* ¶

10. Plaintiff brought the Vehicle to Defendant Gosch Auto Group, Inc. ("Gosch"), a California corporation, for service and repair, but they were unable to have the Vehicle conform to applicable warranties. *See id.* ¶¶ 13-17, 30.

On September 26, 2019, Miller filed suit in Santa Clara County Superior Court against Defendants setting forth nine causes of action based on the California Song-Beverly Consumer Warranty Act ("Song-Beverly"), Cal. Civ. Code §§ 1793-1795; Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*; and negligent repair. *see* Ex. A, Compl. ¶¶ 3-9, ECF 1-1. On November 7, 2019, Ford filed a Notice of Removal stating that this Court has federal question jurisdiction pursuant to the MMWA, supplemental jurisdiction over related state claims, and diversity jurisdiction due to fraudulent joinder. *See* Notice of Removal ¶¶ 3-7, ECF 1.

On February 13, 2020, Miller submitted an amended complaint setting forth two causes of action: one against Ford for violation of the MMWA, and one against Gosch for negligent repair. Am. Compl. ¶¶ 19-36. Plaintiff seeks the following monetary relief in his amended complaint: actual damages, restitution, consequential and incidental damages, any remedies pursuant to MMWA, prejudgment interest at the legal rate, and any other relief the Court may deem proper. *Id.* at 7. In total, Miller alleges he suffered damages "in a sum to be proven in trial in an amount that is not less than $25,001.00." *Id.* ¶ 11. No punitive damages are claimed. *See id.* at 7.

On August 5, 2020, Miller filed a Motion to Remand alleging that Ford has failed to meet its burden in establishing that the MMWA amount in controversy of $50,000 has been met or that co-defendant Gosch was fraudulently joined to defeat diversity of citizenship. *See* Mot. to Remand 3, ECF 25-1.

**II.   LEGAL STANDARD**

If a federal court has subject matter jurisdiction over a civil case filed in state court, the suit may be removed to federal court by the defendant. 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Federal jurisdiction exists

only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Diversity jurisdiction exists when the suit is between "citizen of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs." 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Limon-Gonzalez v. Kia Motors Am., Inc.*, CV 20-4381 PA (JPRX), 2020 WL 3790838, at *1 (C.D. Cal. July 7, 2020) (citing *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

For removals based on diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The Court may look to the complaint, notice of removal, "as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* Similarly, if the defendant seeks removal based on diversity where no complete diversity exists, the defendant must prove the fraudulent joinder exception to the requirement for complete diversity. *See Hunter*, 582 F.3d at 1043 ("one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined.") (internal quotations omitted).

Fraudulently joined defendants who destroy diversity of citizenship do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "There is a general presumption against fraudulent joinder and the defendant's burden of demonstrating that a joinder is fraudulent is a heavy one." *Beutel v. Wells Fargo Bank N.A.*, No. 18-CV-03686-LHK, 2018

3

WL 3084660, at *2 (N.D. Cal. June 22, 2018) (quoting *Hunter*, 582 F.3d at 1046) (internal quotations omitted). Federal courts must find the joinder proper and remand the case to the state court "if there is a possibility that a state court would find the complaint states a cause of action against any of the resident defendants." *McAdams v. Ford Motor Co.*, No. 18-CV-07485-LHK, 2019 WL 2378397, at *4 (N.D. Cal. June 5, 2019) (quoting *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 534, 548 (9th Cir. 2018)). Courts "may look beyond the pleadings to evidence proffered by the parties" to resolve fraudulent joinder claims. *Id.*; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (considering "summary judgment-type evidence such as affidavits and deposition testimony").

## III. DISCUSSION

### A. Federal Question Jurisdiction 28 U.S.C. § 1331

The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contract to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for damages and legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). Claims may not be brought in federal court if the amount in controversy "of any individual claim is less than the sum or value of $25; or . . . less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3). It follows that federal courts will have subject matter jurisdiction over Miller's claims if the total amount in controversy is greater than or equal to $50,000. *See id.*; 28 U.S.C. § 1331; 28 U.S.C. § 1367.

The MMWA does not "indicate that the amount in controversy for [the MMWA] is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." *Limon-Gonzalez*, 2020 WL 3790838, at *2. The amount in controversy includes actual and

punitive damages. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). In the Ninth Circuit, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

Defendant has not demonstrated that the amount in controversy meets the $50,000 required for federal question jurisdiction. As shown by Miller, his alleged damages of "a sum to be proven in trial in an amount that is not less than $25,001.00" are an estimate only. Am. Compl. ¶ 11. Several district courts in this Circuit have found that a plaintiff does not satisfy the amount in controversy when alleging damages using speculative language. *See, e.g.*, *Limon-Gonzalez*, 2020 WL 3790838, at *2 (granting motion to remand and finding plaintiff's allegations of "damages in an amount that is *not less than $25,001.00*" too speculative) (emphasis added); *Steeg v. Ford Motor Co.*, No. 19-CV-05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) (granting motion to remand by reasoning that "Plaintiffs specif[ied] a monetary amount only once, when they allege[d] that 'Plaintiffs suffered damages ... in an amount *not less than $25,000.01*.'") (citation omitted) (emphasis added); *Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAX), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (granting motion to remand where Plaintiff's complaint states that "'Plaintiff suffered damages *in a sum to be proven at trial'* of at least $25,000.") (citation omitted) (emphasis added). Courts have also granted a motion to remand where "[i]n the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties." *Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020). This Court finds Miller's alleged damages are speculative because the amended complaint references damages only once, uses ambiguous language, and only claims a total amount not less than $25,001. *See* Am. Compl. ¶ 11 ("Plaintiff suffered damages in a sum *to be proven at trial* in an amount that is *not less than* $25,001.00")

5

(emphasis added).

Second, Miller no longer seeks civil penalties. *See* Am. Compl. at 7. This Court has found "where a plaintiff expressly alleges potential entitlement to the maximum civil penalty under the Song Beverly Act . . . the amount in controversy requirement likely will be satisfied." *Pestarino*, 2020 WL 1904590 at *3. In *Pestarino*, this Court found a higher $75,000 amount in controversy requirement to be satisfied solely on alleging actual damages exceeding $25,000, a two times civil penalty, and attorneys' fees. *Id.* Miller's case can be distinguished because the amended complaint no longer states a claim under the Song Beverly Act. This raises additional doubt as to whether Miller alleges damages that would meet the $50,000 jurisdictional requirement.

Lastly, Ford does not challenge Miller's amount in controversy. Ford did not file an opposition to the Motion for Remand. As a result, Ford does not address the amount in controversy after Miller amended his complaint. Ford's assertion that "the amount in controversy in fact exceeds $50,000" and the "Complaint on its face seeks recovery of more than $75,000" relies on Miller's prior claims of civil penalties and attorneys' fees. Not. of Removal, ECF 1. Moreover, Ford relies on the Vehicle purchase price of $38,939.76, but "has not provided any evidence of the total miles Plaintiff[] drove on the car, the actual agreed upon sale amount, or whether Plaintiff paid in full or agreed to financing (and if so, how many payments were made)." *Chajon v. Ford Motor Company*, No. 2:18-cv-10533-RGK(RAOX), 2019 WL 994019, at *1 (C.D. Cal. Jan 8, 2019) (finding the lack of adjustments to Vehicle price leaves the Court "with considerable doubt as to the amount in controversy"). By failing to take into account any reduction for the use of the vehicle, Ford failed to show that the amount in controversy exceeds the jurisdictional threshold. *See Day v. FCA US LLC*, No. ED CV 20-0615 FMO (EX), 2020 WL 3047986, at *2 (C.D. Cal. June 8, 2020). This Court finds Defendants' claim regarding the amount in controversy inadequate to satisfy the MMWA's $50,000 amount in controversy requirement.

**B. Diversity Jurisdiction 28 U.S.C. § 1332**

Since the Court could not conclusively establish that Miller's claim satisfies the MMWA's $50,000 amount in controversy requirement, Defendants necessarily cannot prove by a preponderance of the evidence that the amount in controversy is over $75,000 to satisfy the requirement for diversity jurisdiction. Accordingly, Ford's assertion of diversity jurisdiction by fraudulent joinder does not need to be addressed.

## IV.  ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand. Accordingly, the Court REMANDS this case.  The Clerk shall remand this action to the Superior Court of California for the County of Santa Clara and close the case.

Dated: September 17, 2020

_____
BETH LABSON FREEMAN
United States District Judge